**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

JADE WINDS ASSOCIATION, INC.,

      Debtor.
_____/

JADE WINDS ASSOCIATION, INC.

      Plaintiff,

v.

FIRSTSERVICE RESIDENTIAL
FLORIDA, INC., f/k/a THE
CONTINENTAL GROUP, INC.

      Defendant.
_____/

Case No.: 15-17570-RAM
Chapter 11

Adv. No. 17-01393-RAM

**FIRSTSERVICE'S NOTICE OF ISSUING SUBPOENA DUCES TECUM TO NON-PARTY FOR PRODUCTION OF DOCUMENTS WITHOUT DEPOSITION**

Please take notice that on October 18, 2018, or as soon thereafter as practicable, FIRSTSERVICE RESIDENTIAL FLORIDA, INC.'s ("FirstService"), will serve the attached Subpoena on Star Painting & Waterproofing, Inc. ("Non-Party"), with a return date of November 2, 2018 at 5:00 p.m. ("Return Date").

Non-Party will be given the option of mailing the requested documents to undersigned counsel at or before the Return Date.

Dated: October 18, 2018

Respectfully submitted,

*/s/ Kristopher E. Pearson*
KRISTOPHER E. PEARSON
Florida Bar Number 0016874
kpearson@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200

Case No. 15-17570-RAM  
Adv. No. 17-01393-RAM

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being filed electronically on October 18, 2018, via the Court's CM/ECF website. I further certify that the document is being furnished by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to those counsel or parties who are registered to receive NEF in this case, as indicated on the below Service List.

/s/ *Kristopher E. Pearson*
KRISTOPHER E. PEARSON

## SERVICE LIST
### Adv. Case No. 17-01393-RAM
### United States Bankruptcy Court, Southern District of Florida

The following parties are registered to receive Notice of Electronic Filing and are served through CM/ECF.

Daniel F Blonsky, Esq.
*dblonsky@coffeyburlington.com*
*groque@coffeyburlington.com*
*service@coffeyburlington.com*
*vmontejo@coffeyburlington.com*
*Counsel for Jade Winds Association, Inc.*

Justin E King
*jking@coffeyburlington.com*
*Counsel for Jade Winds Association, Inc.*

Kristopher E Pearson
*kpearson@stearnsweaver.com*
*mmasvidal@stearnsweaver.com*
*bank@stearnsweaver.com*
*rross@stearnsweaver.com*
*dillworthcdp@ecf.epiqsystems.com*
*larrazola@stearnsweaver.com*
*cgraver@stearnsweaver.com*
*Counsel for FirstService Residential Florida, Inc.*

Eric S Pendergraft
*ependergraft@sfl-pa.com*
*dwoodall@sfl-pa.com*
*scusack@sfl-pa.com*
*ematteo@sfl-pa.com*
*bshraibergecfmail@gmail.com*
*Counsel for Jade Winds Association, Inc.*

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 17-01393-RAM    Doc 114    Filed 10/18/18    Page 3 of 8

# UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

In re:
**JADE WINDS ASSOCIATION, INC.,**
    Debtor.             /

**JADE WINDS ASSOCIATION, INC.,**
    Plaintiff,

v.

**FIRSTSERVICE RESIDENTIAL FLORIDA, INC., etc.**
    Defendant.          /

CASE NO. 15-17570-RAM
Chapter 11

ADV. NO. 17-01393-RAM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

**To:**    **Star Painting & Waterproofing, Inc.**
        c/o AHARON RAFAELOV, Registered Agent
        2412 SW 59 Terrace
        Westpark, FL 33023

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit their inspection, copying, testing, or sampling of the material: See attached <u>Exhibit A</u> for instructions and requests for document production.

| PLACE: **Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.**<br>c/o Kristopher E. Pearson, Esq.<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami, FL 33130 | DATE AND TIME:<br><br>**November 2, 2018 at 5:00 p.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE: | DATE AND TIME: |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    October 18, 2018

CLERK OF COURT         OR

_____                   _____
*Signature of Clerk or Deputy Clerk*                *Attorney's Signature*

The name, address, email address, and telephone number of the attorney representing **FirstService Residential Florida, Inc.,** who issues or requests this subpoena, is: **Kristopher E. Pearson, Esq., Stearns Weaver Miller, et al., 150 W. Flagler Street, Suite 2200, Miami, FL 33130; (305) 789-3200; kpearson@stearnsweaver.com.**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 17-01393-RAM    Doc 114    Filed 10/18/18    Page 4 of 8

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*)_____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*)_____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 17-01393-RAM    Doc 114    Filed 10/18/18    Page 5 of 8

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
 (i) fails to allow a reasonable time to comply;
 (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 (iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
 (i) disclosing a trade secret or other confidential research, development, or commercial information; or
 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 (i) expressly make the claim; and
 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

### I. DEFINITIONS

The following definitions shall apply herein, whether or not capitalized in the text, and shall apply except as otherwise indicated by word or context:

1. "Jade Winds" shall mean the Plaintiff/Reorganized Debtor Jade Winds Association, Inc., and its employees, board members, officers, directors, managers, residents, representatives, agents, as well as, any person or firm acting or purporting to act on its behalf or under its control or authority.

2. "FirstService" shall mean the Defendant/Claimant FirstService Residential Florida, Inc., f/k/a The Continental Group, and its employees, representatives, against, as well as, any person or firm acting or purporting to act on its behalf or under its control.

3. "You" or "Your" or "Yours" refers to the party(ies) responding to this Request as indicated by the context of each particular paragraph of this Request, and includes your agents, attorneys, representatives or employees.

4. The term "regarding" means concerning, referring, describing, evidencing, mentioning, or constituting in any way, directly or indirectly.

5. The terms "related to" or "pertaining to" shall mean directly or indirectly refer to, reflect, constitute, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

6. The term "evidencing" means having a tendency to show, prove, or disprove.

7. The term "control" means in your possession, custody, or control or under your direction, and includes in the possession, custody, or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

## EXHIBIT A

8. The terms "communication" or "communications" means any transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether orally or in writing, including, but not limited to, face-to-face meetings or conversations, telephone calls, voice mails, facsimiles, text messages, e-mails, documents, letters, notes, intraoffice or interoffice memoranda, reports, or any other type of correspondence.

9. The term "document" or "documents" means all written, typed, or printed documents and tangible things and all magnetic, electronic, or other recording or documentation of any kind in your possession, custody, or control, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of this action. The terms "document" or "documents" includes, without limitation, books, papers, records, letters, notes, schedules, tabulations, vouchers, accounts, statements, financial statements, balance sheets, income or revenue statements, debt summaries, profit-and-loss statements, spreadsheets, data bases, affidavits, memoranda, records, communications, electronic mail ("e-mail"), text messages, minutes, reports, abstracts, agreements, contracts, calendars, drafts, drawings, photographs, blueprints, slides, sketches, video recordings, audio recordings (including voicemails), charts, graphs and similar items, including originals, copies, or reproductions of any kind, and shall also include any kind of transcript, transaction, or recording of any audio or visual presentation or communication of any kind. The terms "document" or "documents" shall further include other data compilations or electronically stored information of any kind, including data or information that can be obtained or translated through detection devices or other means into any reasonably useable or readable format.

# EXHIBIT A

## II.    REQUESTS FOR DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

1. All documents, emails, attachments or other communications relating to your work with, for or on behalf of Jade Winds in the years 2009 to 2014.

2. All documents that pertain to or constitute any communications between you and Santiago Perez relating to your work with, for or on behalf of Jade Winds in the years 2009 to 2014.

3. All documents that pertain to or constitute any communications between you and Revital Sharony relating to your work with, for or on behalf of Jade Winds in the years 2009 to 2014.

4. All documents that pertain to or constitute any communications between you and Donna Mantin relating to your work with, for or on behalf of Jade Winds in the years 2009 to 2014.

5. All documents that pertain to or constitute any communications between you and FirstService relating to your work with, for or on behalf of Jade Winds in the years 2009 to 2014.

6. All documents that pertain to or constitute any communications between you and any member of the Jade Winds Board of Directors relating to your work with, for or on behalf of Jade Winds in the years 2009 to 2014.

7. All documents that pertain to or constitute any communications between you and any person or entity (other than your attorney) relating to your work with, for or on behalf of Jade Winds in the years 2009 to 2014.

8. All documents that pertain to or constitute any communications between you and any accountants, auditors, or bookkeepers relating to Jade Winds in the years 2009 to 2014.

9. All internal files created or maintained in connection with or relating to your work with or on behalf of Jade Winds in the years 2009 to 2014.

10. All notes made by you in connection with your work with, for or on behalf of Jade Winds in the years 2009 to 2014.

11. All agreements between you and Jade Winds in the years 2009 to 2014.

12. All invoices, bills or other requests for payment you sent to Jade Winds in 2014.

13. All documents that pertain to or constitute payments you received from Jade Winds in 2014.