B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida

In re: Jade Winds Association, Inc.
Debtor

Case No. 15-17570-RAM

Chapter 11

*(Complete if issued in an adversary proceeding)*

Jade Winds Association, Inc.
Plaintiff

v.

First Service Residential Florida, Inc.
Defendant

Adv. Proc. No. 17-01393-RAM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Carlos Munguia, 12945 SW 132 Terrace, Miami, Florida 33186
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Schedule A attached hereto**

| PLACE Coffey Burlington, P.L., 2601 South Bayshore Drive, PH-1, Miami, Florida 33133 | DATE AND TIME within ten (10) days of service of this Subpoena |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 2, 2018

CLERK OF COURT

_____     _____/s/_____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jade Winds Association, Inc., who issues or requests this subpoena, are: Justin E. King, Esq., Coffey Burlington, P.L., 2601 South Bayshore Drive, PH-1, Miami, Florida 33133, (305) 858-2900, JKing@CoffeyBurlington.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Schedule "A"**
**Subpoena *Duces Tecum* to**
**Carlos Munguia**

## I. DEFINITIONS

The following definitions shall apply herein, whether or not capitalized in the text, and shall apply except as otherwise indicated by word or context:

1. "Jade Winds" shall mean the Plaintiff/Reorganized Debtor Jade Winds Association, Inc., and its employees, board members, officers, directors, managers, residents, representatives, agents, as well as, any person or firm acting or purporting to act on its behalf or under its control or authority.

2. "FirstService" shall mean the Defendant/Claimant FirstService Residential Florida, Inc., f/k/a The Continental Group, and its employees, representatives, against, as well as, any person or firm acting or purporting to act on its behalf or under its control.

3. "You" or "Your" or "Yours" refers to the party(ies) responding to this Request as indicated by the context of each particular paragraph of this Request, and includes your agents, attorneys, representatives or employees.

4. The term "regarding" means concerning, referring, describing, evidencing, mentioning, or constituting in any way, directly or indirectly.

5. The terms "related to" or "pertaining to" shall mean directly or indirectly refer to, reflect, constitute, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

6. The term "evidencing" means having a tendency to show, prove, or disprove.

7. The term "control" means in your possession, custody, or control or under your direction, and includes in the possession, custody, or control of those under the direction of you or

your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

8. The terms "communication" or "communications" means any transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether orally or in writing, including, but not limited to, face-to-face meetings or conversations, telephone calls, voice mails, facsimiles, text messages, e-mails, documents, letters, notes, intraoffice or interoffice memoranda, reports, or any other type of correspondence.

9. The term "document" or "documents" means all written, typed, or printed documents and tangible things and all magnetic, electronic, or other recording or documentation of any kind in your possession, custody, or control, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of this action. The terms "document" or "documents" includes, without limitation, books, papers, records, letters, notes, schedules, tabulations, vouchers, accounts, statements, financial statements, balance sheets, income or revenue statements, debt summaries, profit-and-loss statements, spreadsheets, data bases, affidavits, memoranda, records, communications, electronic mail ("e-mail"), text messages, minutes, reports, abstracts, agreements, contracts, calendars, drafts, drawings, photographs, blueprints, slides, sketches, video recordings, audio recordings (including voicemails), charts, graphs and similar items, including originals, copies, or reproductions of any kind, and shall also include any kind of transcript, transaction, or recording of any audio or visual presentation or communication of any kind. The terms "document" or "documents" shall further include other data compilations or electronically stored information of any kind, including data or information that can be obtained or translated through detection devices or other means into any reasonably useable or readable format.

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

II.     **REQUESTS FOR DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

1.      All documents, emails, attachments or other communications contained on the following email accounts from date of email account opening to December 31, 2014:

- JadeWinds5@gmail.com

2.      All documents, emails, attachments or other communications relating to your work with or on behalf of Jade Winds or FirstService from January 1, 2009 through December 31, 2014, including but not limited to the documents contained on the following email account and any other email account to which you maintain control:

- dcmunguia125@yahoo.com

3.      All documents that pertain to or constitute any communications between you and Santiago Perez relating to your work with or on behalf of Jade Winds or your employment by FirstService.

4.      All documents that pertain to or constitute any communications between you and Revital Sharony relating to your work with or on behalf of Jade Winds or your employment by FirstService.

5.      All documents that pertain to or constitute any communications between you and Donna Mantin relating to your work with or on behalf of Jade Winds or your employment by FirstService.

6.      All documents that pertain to or constitute any communications between you and any person (other than your attorney) relating to your work with or on behalf of Jade Winds or your employment by FirstService.

7.      All documents that pertain to or constitute any communications between you and Jade Winds relating to your work with or on behalf of Jade Winds or your employment by FirstService.

8.      All notes made by you in connection with your work with or on behalf of Jade Winds.

9.      All documents that pertain to or constitute any communications between you and FirstService pertaining to your work with or on behalf of Jade Winds.

10.     All documents that pertain to or constitute any communications between you and FirstService pertaining to the conclusion of your status as a FirstService employee, including but not limited to: letters of termination, complaints whether legal or informal, and severance packages.

11.     All documents that pertain to or constitute any sworn testimony provided by you in the form of affidavit, declaration, deposition, trial testimony, or other form relating to your work with or on behalf of Jade Winds or your position as a FirstService employee.