**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                          **Case No.: 15-17570-RAM**

JADE WINDS ASSOCIATION, INC.                                    Chapter 11

    Debtor.
_____/

JADE WINDS ASSOCIATION, INC.

    Plaintiff,

v.                                                              **Adv. No. 17-01393-RAM**

FIRSTSERVICE RESIDENTIAL
FLORIDA, INC., f/k/a THE
CONTINENTAL GROUP, INC.

    Defendant.
_____/

> **FirstService requests the Court set this motion on December 20, 2018, at 2:00 p.m. along with other presently scheduled matters. Counsel for FirstService conferred with counsel for Jade Winds concerning the requested relief but was unable to reach a resolution.**

**FIRSTSERVICE'S MOTION TO ALTER CERTAIN RULE 30 LIMITATIONS**

    Defendant FirstService Residential Florida, Inc. ("FirstService") moves the Court ("Motion") to alter certain limitations contained in Rule 30.[1]

    The parties are entering into the deposition phase of this proceeding. In preparation, FirstService seeks to: (i) increase the ten-deposition-per-side limitation imposed by Rule 30(a)(2); and (ii) modify the one-day-seven-hour limitation under Rule 30(d)(1) to authorize FirstService to schedule Jade Winds' 30(b)(6) corporate representative for two consecutive seven-hour days if Jade Winds designates one individual as its corporate representative.

---

[1] FirstService refers to the Federal Rules of Civil Procedure as the "Rules" generally, and "Rule" when referring to a specific rule. FirstService refers to the Federal Rules of Bankruptcy Procedure as the "Bankruptcy Rules."

FirstService attaches as <u>Exhibit A</u> its preliminary list of proposed depositions of Jade Winds unit owners and third parties. Jade Winds continued to produce documents up to December 3, 2018. Commencing depositions prior to receiving all of Jade Winds' document production was not reasonable or prudent.

Rule 30(a)(2)(A)(i) limits FirstService and Jade Winds to ten depositions each. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). Rule 30(d)(1) limits depositions to one day of seven hours. *See* Fed. R. Civ. P. 30(d)(1). Each of these subsections authorizes the Court to modify the respective limitations to the extent consistent with Rule 26(b)(1) and (2). *See id.* As discussed below, good cause exists here to increase the ten-deposition-per-side limitation to permit the parties to conduct depositions to prepare their respective cases, as this request is consistent with Rule 26(b)(1) and (2). Similarly, good cause exists to permit FirstService to schedule the deposition of Jade Winds' Rule 30(b)(6) corporate representative for two consecutive days, seven hours each if Jade Winds designates one individual as its corporate representative.

This proceeding involves a substantial number of issues and a significant damage request. Jade Winds' complaint makes this proceeding complex because it spans an extensive period of time and involves sixteen generalized categories of alleged mismanagement. Jade Winds has disclosed purported damages in excess of $8 million, exclusive of attorneys' fees, and has requested punitive damages.

To date, Jade Winds has not disclosed the factual basis for what it claims FirstService did or did not do in connection with its service as property manager that constitutes the sole cause of Jade Winds' alleged damages. To obtain additional factual information beyond the wholly conclusory allegations contained in the complaint, FirstService moved to dismiss Jade Winds' complaint for failure to state a claim upon which the Court can grant relief or, alternatively, for a more definite statement [ECF No. 9]. The Court denied the motion [ECF No. 28]. FirstService propounded detailed interrogatories on Jade Winds to discover the facts supporting Jade Winds' conclusory allegations in the complaint. Jade Winds failed to provide answers to those interrogatories containing additional factual information. FirstService moved to compel Jade Winds to properly answer the interrogatories [ECF No. 81]. The Court did not require Jade Winds to provide further factual answers to the interrogatories [ECF No. 95]. As the proceeding progresses toward trial, FirstService needs to discover what facts actually support Jade Winds'

2

conclusory claims. Its last opportunity to do so is through depositions pursuant to Rule 30 of Jade Winds' unit owners and third parties.

Aside from the lack of clarity in Jade Winds' complaint, this proceeding involves several individuals with knowledge of the complaint's subject matter. Jade Winds' Rule 26(a)(1) Initial Disclosures [ECF No. 73] identifies twenty-four individuals likely to have discoverable information, which includes twelve Jade Winds unit owners (some of whom were former board members or are current board members). FirstService's Rule 26(a)(1) Initial Disclosures [ECF No. 73] lists seventy-nine individuals likely to have discoverable information. While there is some overlap in the lists, FirstService's list contains additional individuals. Further, FirstService has since discovered additional third parties who would likely have discoverable information, and it will soon supplement its disclosure. Jade Winds' board was comprised of eighteen individuals during the operative time. FirstService seeks to depose at least twenty-two individual Jade Winds unit owners, who Jade Winds has identified as having knowledge, or whom FirstService discovered were board members or involved in the subject matter of the Complaint. Further, FirstService seeks to depose certain of the third-party-service providers with knowledge of the complaint's subject matter.

Finally, the complaint's subject matter covers many different areas (paragraph 15 of the complaint contains sixteen bullet points). The Complaint involves, among other things, state court litigation with at least four different parties, Jade Winds' extensive 40-year-recertification project, accounting issues, and corporate governance issues (board elections and declaration amendments). To date, Jade Winds has produced over 30,000 pages of documents.

FirstService satisfies the standard under Rule 26(6)(2) to take more than ten depositions. *See* Fed. R. Civ. P. 26(b)(2). FirstService has sought the factual support for the complaint's conclusory allegations through means less expensive and burdensome than depositions, such as a Rule 12(b)(6) and (e) motion and interrogatories, to no avail. FirstService does not intend to take what Jade Winds could construe as unreasonably cumulative or duplicative depositions because FirstService seeks to understand what each individual unit owner listed on Jade Winds' Initial Disclosures knows and may testify to at trial. Similarly, the third party depositions would discover the knowledge of the third party service providers. As to expense, with many of the Jade Winds' unit owners and third parties, FirstService at this juncture believes the depositions would take a few hours, not the full seven permitted for a deponent. Thus, FirstService's request

to increase the number of depositions will not necessarily lead to a substantial increase in the number of deposition hours. Ultimately, FirstService has no other means to discover the factual support for Jade Winds' claims by the depositions.

The breadth of the subject matter of the complaint and the ambiguous allegations, the number of individuals involved in the various topics of alleged mismanagement, and the number of documents produced, provide grounds to alter Rule 30 limitations concerning the number of depositions and the duration of Jade Winds' corporate representative deposition. *See Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 522 (S.D. Fla. 2002) (authorizing a party to take a deposition for fourteen hours over two days of a party's accountant where the period of time spanned over seven years and the party produced approximately 10,000 pages of documents); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 2010 WL 3003914, at *2 (S.D. Fla. July 29, 2010) (in a case with a condominium association as plaintiff, granting defendant leave to exceed Rule 30's ten deposition limit where, among other reasons, the defendant "explained it must take depositions from at least a small sample of owners of the approximately 164 units in Royal Bahamian's condominium complex).

**WHEREFORE**, FirstService respectfully requests the Court to enter an Order: (i) increasing the ten deposition limit per side imposed by Rule 30(a)(2); (ii) authorizing FirstService to schedule Jade Winds' Rule 30(b)(6) corporate representative deposition for two consecutive seven-hour days; and (iii) granting such further relief as the Court deems just and proper.

Dated: December 5, 2018       Respectfully submitted,

*/s/ Kristopher E. Pearson*
KRISTOPHER E. PEARSON
Florida Bar Number 0016874
kpearson@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200
Facsimile:    (305) 789-3395

*Counsel for FirstService Residential Florida, Inc.*

## CERTIFICATE OF SERVICE

I CERTIFY that on December 5, 2018, the foregoing document is being filed electronically via the Court's CM/ECF website. I further certify that on December 5, 2018, the document is being served by transmission of Notices of Electronic Filing generated by CM/ECF to those counsel or parties who are registered to receive Notices of Electronic Filing in this adversary proceeding, as indicated on the below Service List.

/s/ Kristopher E. Pearson
KRISTOPHER E. PEARSON

## SERVICE LIST
### Adv. Case No. 17-01393-RAM
### United States Bankruptcy Court, Southern District of Florida

The following parties are registered to receive Notice of Electronic Filing and are served through CM/ECF.

Daniel F Blonsky, Esq.
dblonsky@coffeyburlington.com
groque@coffeyburlington.com
service@coffeyburlington.com
vmontejo@coffeyburlington.com
Counsel for Jade Winds Association, Inc.

Justin E King
jking@coffeyburlington.com
Counsel for Jade Winds Association, Inc.

Kristopher E Pearson
kpearson@stearnsweaver.com
mmasvidal@stearnsweaver.com
bank@stearnsweaver.com
rross@stearnsweaver.com
dillworthcdp@ecf.epiqsystems.com
larrazola@stearnsweaver.com
cgraver@stearnsweaver.com
Counsel for FirstService Residential Florida, Inc.

Eric S Pendergraft
ependergraft@sfl-pa.com
dwoodall@sfl-pa.com
scusack@sfl-pa.com
ematteo@sfl-pa.com
bshraibergecfmail@gmail.com
Counsel for Jade Winds Association, Inc.

5

EXHIBIT A
List of Proposed Depositions of Jade Winds Unit Owners and Third Parties

1. Zuzana Bermudez
2. Diana Podobied
3. Mercedes Carcasses
4. Eva Lotsos
5. Xochitl Alvarez
6. Rodolfo Kahn
7. Robert Graver
8. Magdy Ayad
9. Jose Scarabello
10. Juan Severino
11. Paul Lhotsky
12. Harry Bermudez
13. Jade Winds' Corporate Rep.
14. Sandra Fox
15. Laura Levi
16. Donna Tollefsen
17. Florence Poretsky
18. Edward Velazquez
19. Revilla Tullio
20. Scott Baumann
21. Thomas Wollitzer
22. Jean-Louis Dubios
23. Geneo Carrevello
24. Donna Mantin
25. Americus Construction, Corporate Representative
26. Star Painting & Waterproofing, Corporate Representative
27. Emilio Castro, P.E.
28. J. Eduardo Gonzalez, P.E.
29. Ana Costales-Abiseid, CPA
30. Donna Seidenberg, CPA
31. AKAM Onsite, Corporate Representative
32. Gerstle, Rosen & Goldenberg, PA, Corporate Representative
33. Karen Fhima Lippman, CPA
34. Barbara Addeo
35. Lewis Rossi
36. William Coleman
37. Kevin Peters, Esq.
38. Ross Toyne, Esq.
39. Jason Molder, Esq.
40. Rhonda Hollander, Esq.
41. Robert Waxman
42. Susan Fitch
43. Henry Hillman
44. Monte Lee