

**ORDERED in the Southern District of Florida on December 28, 2018.**

**Robert A. Mark, Judge
United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | Case No. 15-17570-BKC-RAM |
| JADE WINDS ASSOCIATION, INC., | Chapter 11 |
|     Debtor. | |
| JADE WINDS ASSOCIATION, INC., | |
|     Plaintiff, | |
| v. | Adv. No. 17-01393-BKC-RAM-A |
| FIRSTSERVICE RESIDENTIAL FLORIDA, INC., | |
|     Defendant. | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO QUASH**

The Court conducted a hearing on December 20, 2018, on Jade Winds' Motion to Quash Reissued Subpoenas to its Attorneys and for

Protective Order (the "Motion to Quash") [DE #124].  The Plaintiff seeks to quash subpoenas served on its former counsel, Toyne, Schimmel & Alonso, P.A. ("Toyne") and on Swimmer & Molder, PL ("Molder").  Copies of the subpoenas are attached as Exhibit 1 to the Motion to Quash.  The primary issue is whether the subpoenas should be quashed because they request privileged documents or enforced with Toyne and Molder obligated to prepare privilege logs for all privileged communications.

The Court has reviewed the record, including the subpoenas, the Motion to Quash, and Defendant's Response in Opposition to [the Motion to Quash] [DE #139].  The Court has also considered the agreement of counsel as to several of the requests and the arguments of counsel on the remaining disputed issues, and has reviewed applicable law.  It is –

**ORDERED** as follows:

1.   The Motion to Quash is granted, in part, and denied, in part, as set forth in this Order.

2.   The production of documents is limited to the years 2009 to 2014.

3.   The Motion to Quash is denied with respect to the documents described in paragraphs B, C, and E through P of the subpoenas.  These requests describe communications between the law

2

firms and third parties and therefore do not seek privileged communications.

4. The Defendant has withdrawn the request in paragraph Q.

5. Paragraphs V through GGG request documents and communications relating to various issues including issues framed in allegations in the complaint. The Motion to Quash is denied as to all non-privileged documents and communications described in these paragraphs. To be clear, non-privileged documents and communications include letters and emails between the Plaintiff and Toyne or Molder if copies of the letters or emails were sent to third parties. If Toyne or Molder are uncertain about whether the attorney-client privilege was waived based on the identity of the third party who received a copy, the document or communication shall be described in a privilege log.

6. As to paragraphs A, D and V through GGG of the subpoenas, the Motion to Quash is granted to the extent that the Defendant requests that Toyne or Molder prepare a privilege log for letters or emails that were solely between counsel and the Plaintiff or board member(s) of the Plaintiff.

7. The Motion to Quash is granted as to paragraph R of the subpoenas except for the actual invoices.

8. The Motion to Quash is granted as to paragraphs S and T

of the subpoenas.

    9.   Deadlines relating to further production in response to the Molder subpoena are set forth in this Court's separate Order Granting in Part Defendant's Motion to Compel.

    10.  Toyne shall respond to the subpoena, subject to the limitations in this Order, by January 25, 2018.

###

Copies Furnished To:
Daniel F. Blonsky, Esq.
Kristopher E. Pearson, Esq.