UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>JADE WINDS ASSOCIATION, INC.,<br>    Debtor.<br>_____/<br>JADE WINDS ASSOCIATION, INC.<br><br>    Plaintiff,<br>v.<br><br>FIRST SERVICE RESIDENTIAL<br>FLORIDA, INC.<br><br>    Defendant.<br>_____/ | Case No.: 15-17570-RAM<br>Chapter 11<br><br>Adv. Proc. No. 17-01393-RAM |

**FIRSTSERVICE'S REPLY IN SUPPORT OF ITS**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

    Defendant, FirstService Residential Florida, Inc. ("FirstService") replies to the following numbered paragraph of Plaintiff Jade Winds Association, Inc. ("Jade Winds") Response [ECF No. 161], to the FirstService's Statement of Undisputed Facts [ECF Nos. 142, 165][1]:

    4)    Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 4. Jade Winds disputes FirstService's characterization of the services provided as "assistance," however, the Contract speaks for itself. Further, Jade Winds' dispute concerning the assertion that all personnel engaged to perform services for Jade Winds are independent contracts is directly contradicted by the Contract. See contract at § 3.1. Jade Winds' contention that the personnel selected by FirstService to perform services for Jade Winds are employees of FirstService is irrelevant to the relationship those employees have with Jade Winds. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

    5)    Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 5 and in fact admits that the Contract contains a provision governing liability. Jade Winds' dispute as to FirstService's characterization of the provision as a "broad limitation of

---

[1] In light of Jade Winds' withdrawal of its confidentiality assertion, several exhibits which were initially filed with redaction at ECF No. 142 were later filed without redaction at ECF No. 165.

liability clause" does not concern a material fact. FirstService's actual liability under the provision is a matter of law for the court to decide. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

6) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 6. Whether or not Jade Winds was the party that bargained for the provision contained in § 12.2 of the Addendum is immaterial. What is material is the fact that the provision prevented FirstService from removing or transferring the Property Manager assigned to Jade Winds without Jade Winds' prior approval – which Jade Winds does not dispute. See Compl., Ex. B, § 12.2. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

7) Jade Winds dispute to FirstService's assertions in paragraph 7 does not concern a material fact. In fact, Jade Winds admits that FirstService was not contracted to perform all bookkeeping services on behalf of Jade Winds. Additionally, the full extent of FirstService's obligations under the Contract is a matter of law. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

8) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 8. FirstService only asserts that Santiago Perez, who was in fact both President and member of the Jade Winds Board of Directors at the time, sent Gary Pyott an email expressing the feelings of Jade Winds' board members regarding Donna Mantin's performance. To the extent Jade Winds asserts that the email reflected only the personal opinion of Perez as opposed to a statement of Jade Winds, the argument is disingenuous and directly contradicted by the email since Perez was communicating with FirstService regarding the performance of Donna Mantin as Property Manager for Jade Winds. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

9) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 9 and in fact admits that FirstService sent Jade Winds the referenced termination letter. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

10) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 10. To the extent Jade Winds asserts that it has not been afforded an opportunity to challenge the veracity of the statement by Donna Mantin that Jade Winds hired Assad Mizra

because discovery is not yet concluded and it has not been able to depose any knowledgeable parties, Jade Winds has had an opportunity to review its own records and question its own Board and community members to determine the veracity of Mantin's assertion. Jade Winds could have submitted an affidavit from any number of Jade Winds board members knowledgeable about the pertinent facts or familiar with its own documents to dispute the allegation. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

13) Jade Winds does not adequately contest the veracity of FirstService's assertions at paragraph 13. Jade Winds admits that a meeting involving members of the Jade Winds Board occurred on October 11, 2014, but disputes, without pointing to any evidence, the existence of proper notice and its conformity with Jade Winds' bylaws and Florida law. However, Jade Winds produced a notice of the October 11, 2014 meeting, which was posted in compliance with applicable law. See Exhibit 7 [JW8810]. Furthermore, Jade Winds' contention that Donna Mantin advised the Board to "hold an illegal or unauthorized meeting to hire her" is made without any supporting evidence.

17) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 17. Jade Winds' response thus does not create a disputed issue of material fact.

18) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 18. Jade Winds' response thus does not create a disputed issue of material fact.

20) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 20. Jade Winds does not dispute that AKAM became Jade Winds' property management company on October 11, 2014. See Jade Winds' Response to Statement of Facts, ¶ 14. Jade Winds does not dispute that Sean Fontana of AKAM sent the email referenced in paragraph 20 on October 17, 2014. It is clear from the email that Fontana was inquiring about issues relating to AKAM's takeover of the management of Jade Winds. Item "14" from the email, wherein he states that he spoke to a tenant that morning regarding rental of a Jade Winds unit, shows that Fontana was on-site. Jade Winds' response thus does not create a disputed issue of material fact.

21) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 21, but merely provides additional reasons referenced by AKAM for it resignation, which are not inconsistent with FirstService's assertions. Jade Winds does not dispute that AKAM sent a resignation letter to Jade Winds on October 23, 2014. Furthermore, the language

quoted by Jade Winds from the resignation letter clearly states that one of the reasons for AKAM's resignation was "directions from your manager and board member." Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

23) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 23. Jade Winds' response thus does not create a disputed issue of material fact.

24) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 24, it merely clarifies that there was one additional factor contributing to Jade Winds' decision to file for chapter 11 bankruptcy. Jade Winds' Case Management Summary [Main Case ECF No. 18] states under a section labeled "reasons for filing chapter 11" that "former board members absconded with monies estimated to be in excess of $2,000,000" and that there were "issues regarding the former developer's 99-year lease of the community's recreational center." The only other factor cited by Jade Winds was the cost of defending lawsuits. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

29) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 29, in fact it admitts that confirmation of the Plan reduced Jade Winds' overall liabilities to creditors and resolved prepetition claims. Furthermore, Jade Winds does not indicate what aspect of FirstService's "characterization and summary of the language contained in the cited Plan" it disputes, and fails to provide any evidence or factual contentions to contradict FirstService's assertions. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

36) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 36. Jade Winds admits that paragraph 15 of the Complaint includes 16 bullet points. The only other assertions made by FirstService are that it sorted the bullet points into five groups, and that it discussed the undisputed material facts concerning Jade Winds' operation and the five groups in its statement of undisputed material facts. FirstService does not characterize or summarize the complaint in paragraph 36 and so it is unclear what Jade Winds is disputing. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

37) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 37; in fact, it states that it does not dispute paragraph 37 and admits that lawyers and accountants hired by Jade Winds attended some board meetings. Jade Winds merely clarifies that lawyers and accountants hired by Jade Winds did not attend all board meetings, which is

4

consistent with FirstService's assertions. Furthermore, Jade Winds does not dispute that it was regularly advised by professionals, whether or not they attended board meetings. Jade Winds' assertion that FirstService advised it and attended all board meetings is irrelevant and unsupported by any evidence. FirstService performed the services it was obligated to perform under the Management Contract. FirstService was not obligated to provide Jade Winds with legal or bookkeeping advice, and did not provide such advice. In fact the Management Contract explicitly states that FirstService "does not have the authority to provide and shall not be responsible for providing legal advice to [Jade Winds]." See Contract ¶ 3.3. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

39) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 39. Jade Winds purportedly disputes that "six bullet points in the complaint deal exclusively with bookkeeping," however FirstService merely asserted that there are "no less than six bullet points" that concern allegations related to bookkeeping. Additionally, FirstService never contended, and disputes Jade Winds' contention, that it was legally responsible for any purported wrongdoing in paragraph 39. Moreover, that is a legal dispute and not a dispute concerning a material fact. Furthermore, Jade Winds purports to dispute the fact that FirstService was not contracted to perform bookkeeping services on behalf of Jade Winds, but the only contract provision cited by Jade Winds does not contain any language obligating or even authorizing FirstService to perform any sort of bookkeeping or accounting services. Indeed, the Management Contract does not authorize or obligate FirstService to perform bookkeeping or accounting services on behalf of Jade Winds. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

40) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 40, and in fact admits that Ana Costales provided accounting services to Jade Winds from 2007 to March 2014. Jade Winds purports to dispute the scope of Costales' services, but refers only to its response to FirstService's requests for admission, wherein it admits that Preferred Accounting (Costales' company) performed the listed accounting services (with the sole exception of receiving vendor invoices), and explicitly stated that it was a "non-exhaustive list of Preferred Accounting's services." See Jade Winds' Response to Request for Admissions (ECF No. 156) at #53-55. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

41) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 41. Exhibit 18 evidences several instances where Jade Winds unit owners communicated with Preferred Accounting concerning missing funds. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

42) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 42. Composite Exhibit 20 supports FirstService's characterization and summary of the documents. Moreover, Jade Winds fails to indicate what aspect of FirstService's characterization or summary it disputes, nor does it offer any evidence in support of its dispute. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

43) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 43, nor does Jade Winds provide any evidence for its contention that FirstService was required, or did, provide general bookkeeping services prior to June 2014. See Reply to ¶ 39. Moreover, Jade Winds Board President Santiago Perez was included in the referenced emails wherein Gary Pyott was requesting Jade Winds bank statements and accounting information. Perez was thus informed of the need for Jade Winds to provide the requested documents in order for FirstService to take over bookkeeping services, and was aware of the continued inability on the part of Jade Winds to provide the documents. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

44) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 44. Jade Winds bases its dispute on the absence of Fining Committee minutes, but does not dispute the information contained in Exhibit 23, which includes the findings of the Fining Committee. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

45) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 45, nor does it point to any evidence disputing the assertions in paragraph 45. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

48) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 48. Jade Winds merely clarifies that paragraph 48 contains one stated bases, rather than all bases, for the qualified opinion – which is consistent with FirstService's assertions. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

49) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 49. Jade Winds merely clarifies that paragraph 49 contains one stated bases, rather than all bases, for the qualified opinion – which is consistent with FirstService's assertions. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

51) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 51. Jade Winds purportedly disputes that "four bullet points in the complaint deal exclusively with mismanagement of construction projects," however FirstService merely asserted that there are "at least four" bullet points alleged FirstService mismanaged construction projects. Additionally, FirstService never contended, and disputes Jade Winds' contention, that it was legally responsible for any purported wrongdoing in paragraph 51. Furthermore, that is a legal dispute and not a dispute concerning a material fact. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

52) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 52, and in fact admits that the assertions are true. Furthermore, Jade Winds provides no evidence for its suggestion that FirstService provided construction management services. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

55) Jade Winds' assertion that the statement in paragraph 55 is not supported by record evidence is incorrect. The interoffice memorandum prepared by Jade Winds' attorney memorializing a meeting he had with Jade Winds' former engineers states that the decision to hire Star Painting was made "by the respective Boards." See JW030950. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

56) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 56, and in fact admits the assertions regarding Gonzalez Engineers' role as engineers on the 40-year recertification project. Moreover, FirstService did not contend that Jade Winds was the inspector of the project, rather, as Exhibit 44 clearly evidences Gonzalez Engineers served as inspectors for the 40-year recertification project. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

57) Jade Winds disputes that the referenced documents support the FirstService's assertion that the Allamanda 40-year recertification was completed by the summer of 2011. In fact, they show that the Allamanda recertification was completed by August 2012; however, the

dispute does not concern a material fact. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

58) Jade Winds' assertion that some statements in paragraph 58 are not supported by record evidence is incorrect. The interoffice memo by Jade Winds' attorney memorializing a meeting he had with Jade Winds' former engineers states "the Presidents or representatives of respecting Boards would meet to discuss projects and or problems" at "the Tuesday meetings," which were attended by Star Painting and the engineers. See JW030951. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

62) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 62, nor does Jade Winds point to any evidence disputing the assertions. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

64) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 64, nor does Jade Winds point to any evidence disputing the assertions. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

67) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 67, nor does Jade Winds point to any evidence disputing the assertions. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

68) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 68, and in fact admits that Jade Winds entered into a settlement agreement. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

69) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 69, nor does Jade Winds point to any evidence disputing the assertions. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

70) Jade Winds' contention that there is no record evidence supporting the assertion that Gonzalez Engineers resigned as engineers on the 40-year recertification project is contradicted by Exhibit 39, in which J.E. Gonzalez states that due to disagreements with Americus Construction, the general contractor Jade Winds hired after Star Painting was terminated, Gonzalez Engineers "resigned from the project." See Exhibit 39 at JW030953. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

71) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 71, nor does Jade Winds point to any evidence disputing the assertions. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

72) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 72, nor does Jade Winds point to any evidence disputing the assertions. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

73) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 73, nor does Jade Winds point to any evidence disputing the assertions. The contract included in Exhibit 61 supports FirstService's assertions, designating Castro Engineers as representatives and consultants of Jade Winds for electrical work to be performed by Americus. See Exhibit 61, ¶ 1. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

74) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 74, nor does Jade Winds point to any evidence disputing the assertions. The contract included in Exhibit 62 supports FirstService's assertions, designating Castro Engineers as representatives and consultants of Jade Winds for structural work to be performed by Americus. See Exhibit 62, ¶ 1. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

77) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 77, nor does Jade Winds point to any evidence disputing the assertions. Moreover, the exhibits cited by FirstService support the assertions in paragraph 77. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

82) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 82. Moreover, Exhibit 68 is a letter from JW Tower LLC regarding the dispute over the Rec. Tower. The letter states that JW Tower LLC's counsel sent the Hyman Firm letters regarding the dispute, evidencing the Hyman Firm's involvement as Jade Winds counsel. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

83) Jade Winds disputes that the referenced documents support the FirstService's assertion that the Rec. Tower experienced water damage in 2011. In fact, the documents show that the Rec. Tower experienced water damage in 2012; however, the dispute does not concern a

material fact. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

84) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 84, nor does Jade Winds point to any evidence disputing the assertions. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

85) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 85, nor does Jade Winds point to any evidence disputing the assertions. Moreover, the exhibits cited by FirstService support the assertions in paragraph 85. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

90) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 90, nor does Jade Winds point to any evidence disputing the assertions. Moreover, the exhibits cited by FirstService support the assertions in paragraph 90. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

95) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 95, nor does Jade Winds point to any evidence disputing the assertions. Moreover, the exhibits cited by FirstService support the assertions in paragraph 95. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

98) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 98. Jade Winds bases its dispute on the absence of Fining Committee minutes, but does not dispute the information contained in Exhibit 89, which contains the findings of the Fining Committee as well as the identities of the members of the Fining Committee. Moreover, Jade Winds does not point to any evidence disputing the assertions in paragraph 98. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

99) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 99. Whether the entire meeting, or only a portion of the meeting, was recorded and posted online is not a material fact. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

106) Jade Winds does not actually contest the veracity of FirstService's assertions at paragraph 106, nor does Jade Winds point to any evidence disputing the assertions. Moreover, Exhibit 97 supports FirstService's assertion that the water leaks in Miriam Joel's apartment

predate FirstService's management of Jade Winds. See Exhibit 97 at JW024036. Jade Winds' response and the evidence it cites thus does not create a disputed issue of material fact.

Dated: February 18, 2019

Respectfully submitted,

*/s/ Kristopher E. Pearson*
KRISTOPHER E. PEARSON
Florida Bar Number 0016874
kpearson@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200
Facsimile:    (305) 789-3395
*Counsel for FirstService Residential Florida, Inc.*

## CERTIFICATE OF SERVICE

I CERTIFY that on February 18, 2019, the foregoing document is being filed electronically via the Court's CM/ECF website. I further certify that on February 18, 2019, the document is being served by transmission of Notices of Electronic Filing generated by CM/ECF to those counsel or parties who are registered to receive Notices of Electronic Filing in this adversary proceeding, as indicated on the attached Service List.

*/s/ Kristopher E. Pearson*
KRISTOPHER E. PEARSON

## SERVICE LIST

Daniel F Blonsky, Esq.
*dblonsky@coffeyburlington.com*
*groque@coffeyburlington.com*
*service@coffeyburlington.com*
*vmontejo@coffeyburlington.com*
*For Jade Winds Association, Inc.*

Justin E King
*jking@coffeyburlington.com*
*For Jade Winds Association, Inc.*

Kristopher E Pearson
*kpearson@stearnsweaver.com*
*rross@stearnsweaver.com*
*dillworthcdp@ecf.epiqsystems.com*
*larrazola@stearnsweaver.com*
*cgraver@stearnsweaver.com*
*For FirstService Residential Florida, Inc.*

Eric S Pendergraft
*ependergraft@sfl-pa.com*
*dwoodall@sfl-pa.com*
*scusack@sfl-pa.com*
*ematteo@sfl-pa.com*
*bshraibergecfmail@gmail.com*
*For Jade Winds Association, Inc.*