**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

                                               Case No.: 15-17570-RAM

JADE WINDS ASSOCIATION, INC.,         Chapter 11
          Debtor.
_____/

JADE WINDS ASSOCIATION, INC.
          Plaintiff,

v.                                       Adv. No. 17-01393-RAM

FIRSTSERVICE RESIDENTIAL
FLORIDA, INC., f/k/a THE
CONTINENTAL GROUP, INC.
          Defendant.
_____/

**FIRSTSERVICE'S NOTICE OF ISSUING SUBPOENA DUCES TECUM TO NON-PARTY FOR PRODUCTION OF DOCUMENTS WITHOUT DEPOSITION**

Please take notice that on March 7, 2019, or as soon thereafter as practicable, FIRSTSERVICE RESIDENTIAL FLORIDA, INC.'s ("FirstService"), will serve the attached Subpoena on the following ("Non-Party"), with a return date of March 21, 2019 at 5:00 p.m. ("Return Date"):

                      GOOGLE.

Non-Party will be given the option of mailing the requested documents to undersigned counsel at or before the Return Date.

Dated:  March 7, 2019           Respectfully submitted,

                              */s/ Kristopher E. Pearson*
                              KRISTOPHER E. PEARSON
                              Florida Bar Number 0016874
                              kpearson@stearnsweaver.com
                              STEARNS WEAVER MILLER WEISSLER
                               ALHADEFF & SITTERSON, P.A.
                              Museum Tower Building, Suite 2200
                              150 West Flagler Street
                              Miami, Florida 33130
                              Telephone:      (305) 789-3200

Case No. 15-17570-RAM
Adv. No. 17-01393-RAM

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being filed electronically on March 7, 2019, via the Court's CM/ECF website. I further certify that the document is being furnished by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to those counsel or parties who are registered to receive NEF in this case, as indicated on the below Service List.

_/s/ Kristopher E. Pearson_
KRISTOPHER E. PEARSON

## SERVICE LIST
### Adv. Case No. 17-01393-RAM
### United States Bankruptcy Court, Southern District of Florida

The following parties are registered to receive Notice of Electronic Filing and are served through CM/ECF.

Daniel F Blonsky, Esq.
dblonsky@coffeyburlington.com
groque@coffeyburlington.com
service@coffeyburlington.com
vmontejo@coffeyburlington.com
Counsel for Jade Winds Association, Inc.

Justin E King
jking@coffeyburlington.com
Counsel for Jade Winds Association, Inc.

Kristopher E Pearson
kpearson@stearnsweaver.com
mmasvidal@stearnsweaver.com
bank@stearnsweaver.com
rross@stearnsweaver.com
dillworthcdp@ecf.epiqsystems.com
larrazola@stearnsweaver.com
cgraver@stearnsweaver.com
Counsel for FirstService Residential Florida, Inc.

Eric S Pendergraft
ependergraft@sfl-pa.com
dwoodall@sfl-pa.com
scusack@sfl-pa.com
ematteo@sfl-pa.com
bshraibergecfmail@gmail.com
Counsel for Jade Winds Association, Inc.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

In re:

**JADE WINDS ASSOCIATION, INC.,**

     Debtor.                               /

**CASE NO.  15-17570-RAM**

Chapter 11

**JADE WINDS ASSOCIATION, INC.,**

     Plaintiff,

**ADV. NO. 17-01393-RAM**

v.

**FIRSTSERVICE RESIDENTIAL FLORIDA, INC., etc.**

     Defendant.                        /

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

**To:**     **GOOGLE ("Deponent")**

     By serving:  google-legal-support@google.com

☒  *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit their inspection, copying, testing, or sampling of the material:  See attached <u>SCHEDULE A</u> for instructions and requests for document production.

| PLACE: **Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.** | DATE AND TIME: |
|---|---|
|              c/o Kristopher E. Pearson, Esq.<br>             Museum Tower, Suite 2200<br>             150 West Flagler Street<br>             Miami, FL 33130 | **March 21, 2019 at 5:00 p.m.** |

☐  *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE: | |
|---|---|
| | DATE AND TIME: |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    <u>March 7, 2019</u>

             CLERK OF COURT

                                  OR

       _____                    _____

       *Signature of Clerk or Deputy Clerk*                      *Attorney's Signature*

The name, address, email address, and telephone number of the attorney representing **FirstService Residential Florida, Inc.,** who issues or requests this subpoena, is: **Kristopher E. Pearson, Esq., Stearns Weaver Miller, et al., 150 W. Flagler Street, Suite 2200, Miami, FL 33130; (305) 789-3200; kpearson@stearnsweaver.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
# (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:*
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery. A subpoena may command:*
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.*
*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:*
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

### I.    DEFINITIONS

The following definitions shall apply herein, whether or not capitalized in the text, and shall apply except as otherwise indicated by word or context:

1. "FirstService" shall mean the Defendant FirstService Residential Florida, Inc., f/k/a The Continental Group, and its employees, representatives, agents, as well as any person or firm acting or purporting to act on its behalf or under its control or authority.

2. "Jade Winds" shall mean the Plaintiff Jade Winds Association, Inc., and its employees, board members, officers, directors, managers, residents, representatives, agents, as well as any person or firm acting or purporting to act on its behalf or under its control or authority.

3. "You" or "Your" or "Yours" refers to the party(ies) responding to this Subpoena as indicated by the context of each particular paragraphs of this Schedule A, and includes your agents, attorneys, representatives or employees.

4. The term "regarding" means concerning, referring, describing, evidencing, mentioning, or constituting in any way, directly or indirectly.

5. The terms "related to" or "pertaining to" shall mean director or indirectly refer to, reflect, constitute, describe, pertain to, arise out of or in connection with, or in any way legally, logically or factually be connected with the matter discussed.

6. The term "evidencing" means having a tendency to show, prove or disprove.

7. The term "control" means in your possession, custody, control, or under your direction, includes in the possession, custody or control of those under your direction or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

8. The terms "communication" or "communications" means any transmittal of information in the form of facts, id3eas, inquiries or otherwise, whether orally or in writing, including, but not limited to, face-to-face meetings or conversations, telephone calls, voice mails, facsimiles, text messages, e-mails, documents, letters, notes, intraoffice or interoffice memoranda, reports or any other type of correspondence.

9. The term "document" or "documents" means all written, typed or printed documents and tangible things and all magnetic, electronic, or other recording or documentation of any kind in your possession, custody, or control, whether or not prepared by you that constitute or contain matters relevant to the subject matter of this action.  The terms "document" or "documents" includes, without limitation, books, papers, records, letters, notes, schedules, tabulations, vouchers, accounts, statements, financial statements, balance sheets, income or revenue statements, debt summaries, profit and loss statements spreadsheets, data bases, affidavits, memorandum records, communications electronic mail ("e-mail"), text messages, minutes, reports, abstracts, agreements, contracts, calendars, drafts, drawings, photographs, blueprints, slides, sketches, video recordings, audio recordings (including voicemails), charts, graphs and similar items, including

originals, copies or reproductions of any kind and shall also include any kind of transcript, transaction, or recording of any audio or visual presentation or communication of any kind. The terms "document" or "documents" shall further include other data compilations or electronically stored information of any kind, including data or information that can be obtained or translated through detection devices or other means into any reasonably useable or readable format.

## II.  REQUESTS FOR DOCUEMNTS AND ELECTRONIC INFORMATION

1. All access records for long-in attempts and IP logs associated with the following email account from October 1, 2014 through present, as well as any records reflecting the date of email account creation, opening or first usage for the account: javiben2014@gmail.com

2. All documents, emails, attachments or other communications between the email accounts javiben2014@gmail.com and dmantin@aol.com from October 1, 2014 through the present date.

#7239900v1