UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

JADE WINDS ASSOCIATION, INC.,                     Case No. 15-17570-RAM

      Debtor.                                             Chapter 11

_____/

JADE WINDS ASSOCIATION, INC.,

      Plaintiff,

v.                                                 Adv. P. 17-01393-RAM

FIRST SERVICE RESIDENTIAL
FLORIDA, INC., f/k/a THE
CONTINENTAL GROUP, INC.,

      Defendant.

_____/

## JADE WINDS' RESPONSE TO FIRSTSERVICE'S MOTION FOR CLARIFICATION, RECONSIDERATION AND MODIFICATION OF SUMMARY JUDGMENT ORDER

Plaintiff Jade Winds Association, Inc. ("Jade Winds"), by and through undersigned counsel and pursuant to this Court's Order Setting Briefing Schedule [ECF No. 176], hereby responds in opposition to the Motion for Clarification, Reconsideration, and Modification ("Motion") [ECF No. 175] of the Court's Order Denying Summary Judgment ("Order") [ECF No. 170], filed by Defendant FirstService Residential Florida, Inc. ("FirstService").  For the reasons that follow, the Court should deny the Motion.[1]

---

[1] In the Motion, FirstService seeks both clarification and reconsideration and modification of the Order.  Because the requested relief is reviewed under differing legal standards, *see United States v. Philip Morris USA Inc.*, 793 F. Supp.2d 164, 168 (D. D.C. 2011), Jade Winds addresses each request in turn.

## I.      FirstService's Request for Clarification

FirstService improperly asks this Court for clarification, and not reconsideration, of numerous rulings in the Order that are plain and clear.  "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, *not* to alter or amend."  *Philip Morris USA*, 793 F. Supp. 2d at 168, *quoting Resolution Trust Corp. v. KPMG Peat Marwick*, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993) (emphasis added).  This Court should deny the request for clarification in all respects as it fails to identify any ambiguities or vague language within the Order.

### A.  The Court unequivocally "reject[ed]" FirstService's interpretation of the liability clause, and clarification is unwarranted

FirstService first asks that the Court "clarif[y]" its "adopt[ion of] the Plaintiff's interpretation of [the liability] clause" (Order at 6), which found "that the Plaintiff may recover damages stemming from acts caused by or arising solely out of the Defendant's breach of contract or tortious conduct even if there were third parties involved."   *See* Motion at 2, Order at 6.  Specifically, it seeks only to determine whether the above quoted language "alters the restricted causation requirement under the plain language of the … Liability Clause."  *See* Motion at 2.  It muses that "[o]ne could read the Court's statement quoted above to alter the causation element of the … Liability Clause by removing the modifier 'solely.'"  *Id.*  That, being the entirety of FirstService's argument, it is simply an attempt to have the Court redetermine an exact issue that it previously decided, which is entirely inappropriate for a motion to clarify (even more so than in a motion for reconsideration).  *See Philip Morris*, 793 F. Supp.2d at 168.  Because there exists nothing more for the Court to explain as the Order is not vague or ambiguous, and because FirstService has entirely failed to show any such dubiety, the requested relief should be denied.

In its Order, the Court acknowledged the arguments of both parties and addressed each in turn, and unequivocally "reject[ed] Defendant's interpretation of this provision" which is the same position that it reiterates in the Motion.  Moreover, the Court expounded upon its reasoning by noting the absurdity that would result if the liability provision (drafted by FirstService) was interpreted as it sought.  *See* Order at 6 ("If this provision exculpated the Defendant simply because the damage or loss involved acts or omissions by others, it would render illusory significant portions of the contract.").  The Court's unequivocal rejection of the very issue that FirstService raises in the Motion renders this argument meritless and inappropriate for a motion for clarification.

### B.  The Court has not been asked to and has yet to determine relative burdens of proof; clarification is inappropriate

FirstService next contends that the Court should "clarif[y]" "whether the terms [sic] 'tortious conduct'" in its holding that "Plaintiff may recover damages stemming from acts caused by Defendant's ... tortious conduct" "means gross negligence or whether the ruling modifies the … liability clause to include 'tortious conduct' other than gross negligence."  *See* Motion at 2.  The Court need not clarify an issue that has yet to be decided.  The Court has not been presented with the question of which standard of liability to apply, whether it be gross negligence or ordinary negligence and because the issue was not determined by the Order, clarification is improper and unwarranted.  The fact that the standard of liability was not before the Court on FirstService's Motion for Summary Judgment was even noted in the Order.  *See* Order at 13 ("[T]he Court raised the issue of whether the Plaintiff would be required to prove gross negligence in connection with Defendant's retention and supervision duties.  The Court is not ruling on this issue now because it was not briefed.").  Because the Court has not yet ruled on the relative burdens of proof for each

of Jade Winds' claims, there could be no ambiguity in an issue not yet presented before this Court; thus, clarification is unnecessary.

### C. The Court explicitly permitted recovery for tortious conduct, including breach of fiduciary duties

FirstService, in an obvious attempt at an impermissible second bite of the apple, next asks the Court to "clarif[y]" whether it "ruled that the … Liability Clause does not limit or bar claims for breach of fiduciary duty or whether that issue remains open in this proceeding." *See* Motion at 2. Again, FirstService ignores the Court's clear and unambiguous language holding that "the Plaintiff may recover damages stemming from acts caused by or arising solely out of the Defendant's breach of contract or *tortious* conduct." *See* Order at 6 (emphasis added). In Florida, "[b]reach of fiduciary duty is a common law tort." *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002); *In re Trafford Distrib. Ctr., Inc.*, 431 B.R. 263, 290 (Bankr. S.D. Fla. 2010) (under Florida law, "[a] fiduciary who commits a breach of her duty as a fiduciary is guilty of ***tortious conduct***, and the wronged party is entitled to tort damages for harm caused by the breach of duty") (emphasis added).

The Court plainly stated that "Plaintiff may recover damages stemming from ... tortious conduct." There existing no ambiguity, and because breach of fiduciary duty is encompassed by the Court's unequivocal statement, the Court should reject clarification.

### D. FirstService failed to present any argument that §§ 3.3 and 3.4 of the Contract bar Jade Winds' recovery

FirstService also "seeks clarification as to whether the Court ruled on the specific limitation of liability clauses set forth" in §§ 3.3 and 3.4 of the Contract. However, FirstService failed in its Motion for Summary Judgment to present any argument whatsoever as to §§ 3.3 and 3.4. A party "cannot readily complain about the entry [or denial] of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary

judgment motions." *Johnson v. Board of Regents*, 263 F.3d 1234, 1264 (11th Cir. 2001) (internal citations and alterations omitted). This is because "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995); *see also A.L. v. Jackson County Sch. Bd.*, 2015 WL 9487789, at *11 (11th Cir. Dec. 30, 2015) (affirming district court's ruling that litigants waived claims on summary judgment by failing to properly brief them).

There exists nothing to clarify. The entirety of FirstService's argument on summary judgment regarding the liability provisions of the Contract concerned the term "solely" in the liability clause (§ 9 of the Contract) and not §§ 3.3 and 3.4. In fact, the only time §§ 3.3 and 3.4 are mentioned in the Motion for Summary Judgment for purposes of limiting liability, FirstService merely stated, "The Contract also contains specific limitation of liability provisions relating to construction management services and legal advice. The Contract is clear that FirstService is not authorized or obligated to provide advice, and that FirstService does not provide the services of a construction manager or an engineer." [ECF 143 at 5]. That is it. That is not argument and fails to present an issue warranting clarification. FirstService vaguely referenced these sections buried within its rejected contractual liability argument and never developed them for the record. It did not cite the sections' language, case law supporting its argument, mention them in the Reply, or even direct the Court to them at the summary judgment hearing. Courts may only issue rulings on issues that the parties *actually* make in their motions, not ones that *could* have been made. "Judges are not like pigs, hunting for truffles buried in briefs." *Smith v. Secretary, Dept. of Corr.*, 572 F.3d 1327, 1352 (11th Cir. 2009), *quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (an issue is not adequately presented

unless it was raised in a way that the district court could not misunderstand it); *Independent Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (holding that courts cannot manufacture arguments for parties and should not consider claims not fully argued).

FirstService cannot now assert that the Court failed to address an argument that FirstService did not advance. It had at the very least three occasions to develop its new-found argument concerning §§ 3.3 and 3.4: in its Motion for Summary Judgment, its Reply, and at the hearing on its Motion for Summary Judgment. It failed to do so on any of those occasions. Even in the present Motion, FirstService does not develop any argument concerning §§ 3.3 and 3.4 absent the bald statements that the sections exist. There is nothing for this Court to clarify as the Court ruled on all properly raised arguments. A request for clarification is not a venue to raise new issues neglected by the movant previously.

### E. There exists no ambiguity in the Court's statement that "Defendant owes the Plaintiff fiduciary duties"

FirstService next asks the Court to "clarif[y]" whether it found that a fiduciary relationship existed. It directs the Court to two statements that it contends are inconsistent. First, it notes the Order's plain and clear statement that "[t]he Defendant owes the Plaintiff fiduciary duties under Florida law." *See* Order at 10. It then strangely asks this Court to clarify whether it ruled that a fiduciary relationship exists, notwithstanding the following statement in the Order:

> At this state in the litigation, the Plaintiff has not had a sufficient opportunity to develop the record with regard to its dependence on the Defendant, the Defendant's alleged breach(es), or the damages sustained as a result of the Defendant's alleged breaches. Therefore, under the legal standards for proving a breach of fiduciary duty claim, summary judgment is premature.

*Id.* at 12. These statements are not inconsistent and require no clarification, as they are not vague or ambiguous. The Court ruled unequivocally that FirstService owes fiduciary duties to Jade Winds. What the Court has yet to rule on, however, is whether Jade Winds was reliant on

FirstService's consult and advice in each of its alleged wrongs such that a claim for breach of fiduciary duty can succeed. In other words, the Court unambiguously determined that fiduciary duties exist, but the parties have not yet had opportunity to prove reliance upon the fiduciary such that a breach of fiduciary duty claim may lie. Because there are no discrepancies in the Court's statement that "[FirstService] owes [Jade Winds] fiduciary duties" and its acknowledgement of what elements Jade Winds will be required to prove at trial and the current state of discovery, clarification is unnecessary and inappropriate.

### F. The Court found that fiduciary duties arise from sources other than Florida Statutes § 468.4334

FirstService also "seeks clarification as to whether the Court found fiduciary duties arise from sources other than Fla. Stat. § 468.4334." *See* Motion at 4. There is no need for clarification as to this issue either as the Court unquestionably did just that and stated so at the hearing on the FirstService's Motion for Summary Judgment, noting that the duty existed at common law. Apart from ruling that "the Defendant owes the Plaintiff fiduciary duties under Florida law" (Order at 10), the Court also considered and ruled upon Jade Winds' alternative theories of an established duty. At page 14 of its Response to First Service's Motion for Summary Judgment [ECF No. 162], Jade Winds argued that "FirstService has statutorily imposed ***and* common law express and implied fiduciary**" duties. In advancing this position, Jade Winds explained that "beyond" the statutory duties imposed by Fla. Stat. § 468.4334, "the nature of the parties' agent principal relationship and FirstService's undertakings and common law supervisory obligations give rise to an express fiduciary duty." *Id.* In support thereof, Jade Winds relied upon *Stone Invest Dakota LLC v. De Bastos*, 2015 WL 6997979 at *3 (S.D. Fla. Nov. 12, 2015), which recognized that a "breach of fiduciary duty claim is viable even if there is an underlying oral or written contract." Furthermore, Jade Winds argued that a fiduciary relationship can be implied in law, relying on the

Florida Supreme Court's decision in *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002), to support that the nature of FirstService's and Jade Winds' relationship also gave rise to a fiduciary relationship.

The Court adopted Jade Winds' rationale and explained at the hearing on the Motion for Summary Judgment that even apart from the statutorily imposed duties of Fla. Stat. § 464.4334, FirstService had express and implied fiduciary duties at common law. Specifically, the Court noted that "the Contract includes provisions recognizing a principal/agent relationship which traditionally is fiduciary." *See* Order at 11. To support the additional relief, the Court, like Jade Winds, cited to *Stone Invest Dakota*, to hold that "contractual acknowledgement of a fiduciary relationship does not bar pursuit of an independent breach of fiduciary claim." *Id.* (quoting the exact same language from *Stone Invest Dakota* that Jade Winds did in its Response, that a breach of fiduciary duty claim is viable "even if there is an underlying oral or written contract").

Taking it a step further, the Court likewise determined (as Jade Winds argued) that there exist fiduciary duties implied at law based on the nature of the parties' relationship. In support thereof, the Court quoted directly from Jade Winds' Response to the Motion for Summary Judgment, stating "'Where confidence is reposed by the weaker party and trust accepted by the other,' there exists a fiduciary relationship under Florida law." *See* Order at 12 (citing Response at 16-17). The adopted language from Jade Winds' Response was, in turn, the same direct quote from *Evans* that Jade Winds argued supported implied fiduciary duties at law. Therefore, because the Court unquestionably determined that fiduciary duties arise from sources other than Fla. Stat. § 468.4334, clarification is unwarranted since there exists no vagueness or ambiguity in the Order. The Motion for Clarification should be denied in its entirety.

## II.    FirstService's Request for Reconsideration or Modification

In its only request solely for reconsideration, and not clarification, FirstService asks the Court to reconsider whether Fla. Stat. § 468.4334 can provide recourse for Jade Winds' fiduciary duty claims.  In advancing its position, it contends that, because the "legislature did not intend to create a fiduciary duty on the part of CAMs or Management Companies when it created 468.4334, the Court ruled erroneously."  *See* Motion at 3.  As explained below, because the Legislature is presumed to know the existing state of the law, the nature of the relationship elucidated by the Legislature between CAMs (community association managers) and condominium associations undeniably provides for a fiduciary relationship between the parties.

### A.  Legal Standard for Motion for Reconsideration or Modify

"'It is well-settled that motions for reconsideration are disfavored'" and that such relief "'is an extraordinary remedy to be employed sparingly.'"  *Krstic v. Princess Cruise Lines, Ltd. (Corp)*, 706 F. Supp.2d 1271, 1282 (S.D. Fla. 2010), *quoting In re Garcia*, 2002 WL 32372583, *1 (S.D. Fla. Nov. 4, 2002).  It is entirely inappropriate to "use" the motion "to ask the Court to rethink what the Court … already thought through – rightly or wrongly."  *In re Garcia* at *1 (citations and quotes omitted).

Ultimately, "a party[] must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'  A motion for reconsideration should raise new issues, not merely address issues litigated previously."  *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal citations omitted).  "'Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'"  *Karpovich v. Green Cove Holding, Inc.*, 2006 WL

8432743, at *1 (S.D. Fla. Oct. 20, 2006), *quoting Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).  None of these factors is presented in the Motion.

### B.  Florida Statutes § 468.4334 Provides for Statutorily Imposed Duties

Confusingly, FirstService argues without support that Fla. Stat. §468.4334 provides only for "professional practice standards" and not "tort dut[ies] or fiduciary dut[ies]."  *See* Motion at 3. It continues by asking the Court to consider the "notabl[e] ... title of section 468.4334," which is "Professional practice standards; ***liability***."  *Id.* (emphasis added).  If the Legislature intended only to provide for "professional practice standards" it would not have included "liability" in the title. For liability to exist, certain prerequisites are presupposed, namely: duty, breach, causation and damages.  Without those prerequisites, there can exists no "liability" at all.  Moreover, in creating a statute, legislatures are "presumed to know the current state of the law when a statute is enacted." *Knowles v. Beverly Enterprises-Florida, Inc.*, 898 So. 2d 1, 21 (Fla. 2004), *quoting Collins Inv. Co. v. Metropolitan Dade County*, 164 So. 2d 806, 809 (Fla. 1964).

Under this law, it is clear that when Fla. Stat. § 468.4334 was enacted, the Legislature is presumed to know that in Florida the nature of the parties' agent principal relationship can give rise to express and implied fiduciary duties that are *not* preempted by their contractual relationship. *See, e.g., Stone Invest*, 2015 WL 6997979 at *3; *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d DCA 1994) ("[fiduciary duties] expressly created by contract" are those "such as principal/agent").  Furthermore, before the statute was enacted, the Florida Supreme Court had previously "characterized a fiduciary relationship in the following manner":

> The relation and duties involved need not be legal; they may be moral, social, domestic or personal.  If a relation of trust and confidence exists between the parties **(that is to say, where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief.**  The origin of the confidence is immaterial.

*Evans*, 814 So. 2d at 374 (emphasis added) (citation omitted).

In adopting Fla. Stat. § 468.4334, the Legislature was thus aware that the specific language used would have a peculiar meaning in the law:

> A ... *community association management firm* is deemed to act as ***agent*** on behalf of a community association as ***principal*** within the scope of authority authorized by a written contract or under this chapter. A community association manager and a community association management firm *shall discharge duties* performed on behalf of the association as authorized by this chapter *loyally, skillfully, and diligently; dealing honestly and fairly; in good faith; with care and full disclosure to the community association; accounting for all funds; and not charging unreasonable or excessive fees.*

Fla. Stat.§ 468.4334 (emphasis added). The Legislature's particularized language in § 468.4334 is of such nature that only one inference can be drawn – it intended to impose liability on community association managers for breach of fiduciary duty if they do not act in good faith, honestly, loyally, and skillfully, which are terms synonymous with a breach of fiduciary duty at common law. *See Donahue v. Davis*, 68 So. 2d 163 (Fla. 1953) (describing the standard for a fiduciary duty being as being "the finest and highest loyalty"); *Gossett v. St. Paul Fire & Marine Ins. Co.*, 427 So. 2d 386, 387 (Fla. 4th DCA 1983) (noting that fiduciaries must act with "utmost good faith, fairness, and honesty"). The Court also acknowledged these principles at the hearing on the Motion for Summary Judgment, where it recognized the Legislature's codification of the common law. The existence of a statutory fiduciary duty is evident and there is no basis upon which this Court can find that it made a clear error of law. Therefore, reconsideration should be denied.

FirstService alternatively asks the Court to only impose a statutory fiduciary duty as of July 1, 2014 when the statute was enacted, but such a ruling is not only improper relief at this juncture, but also would be inconsequential because, as discussed above, the Court found fiduciary duties separate from the duties imposed by § 468.4334. Specifically, it noted that the nature of the parties' relationship gave rise to a fiduciary relationship under Florida common law. *See* Order at 11-12.

There being no clear error of law given the Court's alternative rulings, the request to clarify or reconsider this issue should similarly be denied.

**III.**    <u>**Requests for Clarification** *or* **Reconsideration or Modification**</u>

FirstService lastly asks that the Court both reconsider *and* clarify two issues. In applying the legal principles set forth above applicable for motions for clarification and reconsideration, this Court should deny the Motion.

    **A.**  **Duty to "Protect"**

In a scanty paragraph, FirstService argues that, at page 12 of the Order, the Court "interpret[ed] the Contract to include a duty owed by FirstService to 'protect' Jade Winds," and claims that because "[t]he Contract does not contain the term 'protect,'" the Court ruled erroneously. *See* Motion at 4. No relief should be granted because FirstService misreads the cited passage of the Order.

To be clear, in stating that "the Contract corroborates what has been alleged by the Plaintiff, which is that the Defendant agreed to advise, counsel and protect the Plaintiff" (Order at 12), the Court was ruling on *extra*-contractual fiduciary duties imposed on FirstService, and looked only to the Contract which also evinced the relationship of the parties. FirstService's argument is therefore meritless, as encompassed within the duties of a fiduciary is the duty to "protect" and act in the best interest of the entity. *See, e.g., Titus v. Emmco Ins. Co.*, 109 So. 2d 781, 782 (Fla. 3d DCA 1959) (recognizing the duty of a fiduciary to "protect"); *Florida Bar v. Golden*, 566 So. 2d 1286 (Fla. 1990) (recognizing the fiduciary duties lawyers possess "to protect the interests of all parties having interest" in escrowed funds); *Invo Fla. Inc. v. Somerset Venturer, Inc.*, 751 So. 2d 1263, 1267 (Fla. 3d DCA 2000) (recognizing that a director has a fiduciary relationship with the company and must protect the company's interests); *Lumbermens Mut. Cas. Co. v. Dadeland Cove*

*Section One Homeowners' Ass'n, Inc.*, 2007 WL 2979828, at *2 (S.D. Fla. Oct. 11, 2007) (recognizing a homeowners' association's fiduciary "duty to protect and maintain the property commonly shared by the owners"). This exercise in semantics need not be clarified or reconsidered by this Court as fiduciaries have a duty to *protect*, no matter how much FirstService vainly desires to minimize the obligations it undertook in its mismanagement of Jade Winds.

### B. Duty to Retain Vendors

Finally, FirstService asks that the Court "clarify or reconsider" its ruling that "[t]he Contract is a management contract drafted by the Defendant that includes supervisory obligations and obligations to retain vendors to provide services to the Plaintiff association." *See* Motion at 5; Order at 5. Specifically, FirstService seeks "clarification of the Court's ruling to determine whether the Court intended to interpret the Contract to require FirstService to retain vendors without obtaining board direction and approval." *See* Motion at 5. Again, clarification is unnecessary and the Court should reject FirstService's quibbling. The Court made no such conclusion and did not reference the duties owed by the board at all – there exists nothing to clarify. The Court merely noted the obligations that FirstService undertook pursuant to the Contract and accurately characterized its provisions. FirstService's failure to present this Court with any vagueness, ambiguities, new law, new evidence, or clear error of law whatsoever renders both clarification and reconsideration inappropriate. The Motion should be denied.

### IV. <u>Conclusion</u>

The Court's Order Denying FirstService's Motion for Summary Judgment adequately addressed all issues raised and there exists no need for the "extraordinary" remedy of reconsideration or clarification. FirstService has presented no ambiguity or vagueness that mandates clarification and has failed to identify any change in the law, new evidence, or manifest error that would require reconsideration. Its evident displeasure with the Order does not support

the relief that it seeks, nor does its insincere parsing of the language of the Order justify "clarification".  In light of the foregoing, the Motion should be denied in its entirety.

Respectfully submitted,

COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse
Miami, Florida  33133
Tel:  305-858-2900
Fax:  305-858-5261

By:  /s/ Daniel F. Blonsky
  Kendall B. Coffey, Esq.
  Florida Bar No. 259861
  kcoffey@coffeyburlington.com
  Daniel F. Blonsky, Esq.
  Florida Bar No. 972169
  dblonsky@coffeyburlington.com
  Justin E. King, Esq.
  Florida Bar No. 121408
  jking@coffeyburlington.com
  groque@coffeyburlington.com
  yvb@coffeyburlington.com
  service@coffeyburlington.com

   and

SHRAIBERG, LANDAU & PAGE, P.A.
2835 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Tel:  561-443-0800
Fax:  561-998-0047

By:/s/ Eric Pendergraft
  Eric Pendergraft
  Florida Bar No. 91927
  ependergraft@slp.law

*Attorneys for Jade Winds Association*

Adv. P. 17-01393-RAM

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Mail through the Case Management/Electronic Case Filing to those parties registered to receive electronic notices of filing in this case on this the 22nd day of April 2019.

By: /s/ *Daniel F. Blonsky*
Daniel F. Blonsky

## SERVICE LIST

Kristopher E. Pearson, Esq.
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL  33130
Phone: (305) 789-3200
Fax: (305) 789-2688
kpearson@stearnsweaver.com